UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NEW YORK

|  |  |
|---|---|
| S.F., as Parent and Natural Guardian of S.E.F., an Infant, ) ) ) | |
| Plaintiff ) | Case No. 13-cv-00634 |
| v. ) ) ) | Chief Judge William M. Skretny |
| ARCHER-DANIELS-MIDLAND COMPANY, CARGILL, INC., INGREDION INCORPORATED, PENFORD PRODUCTS CO., TATE & LYLE INGREDIENTS AMERICAS, LLC, and ROQUETTE AMERICA, INC., ) ) ) ) ) ) ) ) | |
| Defendants. ) ) | |

## MEMORANDUM OF LAW OF
## ARCHER-DANIELS-MIDLAND COMPANY, CARGILL, INC., INGREDION
## INCORPORATED, AND TATE & LYLE INGREDIENTS AMERICAS LLC
## IN OPPOSITION TO
## PLAINTIFF'S MOTION TO AMEND COMPLAINT

Dated:      Buffalo, New York
            November 1, 2013

PHILLIPS LYTLE LLP
Kevin M. Hogan, of Counsel

WINSTON & STRAWN LLP
Dan K. Webb, of Counsel
Stephen V. D'Amore, of Counsel
Scott P. Glauberman, of Counsel
Cornelius M. Murphy , of Counsel

*Attorneys for Defendants*
*Archer-Daniels Midland-Company*
*Cargill, Inc.*
*Ingredion Incorporated, and*
*Tate & Lyle Ingredients Americas, LLC*

# <u>TABLE OF CONTENTS</u>

**Page**

TABLE OF AUTHORITIES ................................................................................... ii

INTRODUCTION ............................................................................................... 1

BACKGROUND ................................................................................................ 3

      A.     Original Complaint ......................................................... 3

      B.     Proposed Amended Complaint ........................................... 3

            1.     Robert Lustig ....................................................... 4

            2.     Plaintiff's Mother ................................................. 8

            3.     Plaintiff's Attorney ............................................... 9

STANDARD OF REVIEW ................................................................................... 10

ARGUMENT ................................................................................................... 10

I.     According to her "expert," Plaintiff's diabetes is easily cured. ...................... 10

II.    The proposed Amended Complaint fails to state a plausible claim. ................. 11

      A.     Causation ..................................................................... 11

      B.     Connection to Defendants ................................................. 14

      C.     Overconsumption of Sugars .............................................. 15

      D.     Food Package Labels ....................................................... 18

III.   Federal law preempts Plaintiff's causes of action. .................................... 18

      A.     Federal law mandates the design of HFCS. .......................... 18

      B.     Federal law affirms that HFCS is safe. ................................ 19

CONCLUSION ................................................................................................. 21

# TABLE OF AUTHORITIES

CASES

Cardinale v. Quorn Foods,
    2011 WL 2418628 (Conn. Super. Ct.)...................................................................20

Kane v. Chobani,
    2013 WL 3776172 (N.D. Cal.) ....................................................................8, 15

Ricciuti v. N.Y.C. Transit Auth.,
    941 F.2d 119 (2d Cir. 1991)........................................................................10

Semper v. New York Methodist Hosp.,
    786 F. Supp. 2d 566 (E.D.N.Y. 2011) ................................................................10

Simpson v. California Pizza Kitchen,
    2013 WL 5718479 (S.D. Cal.)........................................................................20

Western Sugar Cooperative v. Archer-Daniels-Midland Co.,
    Case No. ll-cv-3473 CBM (2011)...........................................................7, 8, 17

STATUTES

10 U.S.C. § 505(a) .................................................................................4, 6

OTHER AUTHORITIES

Carrie Gann, Sugar as Dangerous as Alcohol and Tobacco?,
    ABC NEWS (Feb. 1, 2012), abcnews.go.com/blogs/health/2012/02/01/
    sugar-as-dangerous-as-alcohol-and-tobacco..............................................................19

Dr. Lustig's speech Sugar: The Bitter Truth
    (University of California Television broadcast July 30, 2009),
    available at youtube.com/watch?v=dBnniua6-oM, at 75:00...........................................11, 14

Elizabeth Weil, Is Sugar the Next Tobacco?,
    PACIFIC STANDARD (Dec. 27, 2012), psmag.com/health/
    robert-lustig-sugar-obesity-diet-50948/ ..................................................................6

Erin Allday, Dr. Robert Lustig Crusades Against Sugar,
    SAN FRANCISCO GATE (Jan. 1, 2013), sfgate.com/health/article/
    Dr-Robert-Lustic-crusades-against-sugar-4160268.php.........................................................5

FAT CHANCE. The Colbert Report
    (Comedy Central television broadcast Mar. 28, 2013),
    available at colbertnation.com/the-colbert-report-videos/424875/
    march-28-2013/robert-lustig .....................................................................4, 7, 17, 19

Georgia Kral, *Dr. Robert H. Lustig Talks Sugar, 'Fat Chance,'*
AMNEWYORK (Jan. 15, 2013), amny.com/urbanite-1.812039/
dr-robert-h-lustig-talks-sugar-fat-chance-1.4452450.....................................................19

INSTITUTE FOR RESPONSIBLE FOODS: ABOUT US,
responsiblefoods.org/news/about-us/......................................................................................8

Karen Sloan, *Wielding the Law as a Weapon*,
NAT'L L.J. (May 20, 2013), law.com/jsp/nlj/
PubArticleNLJ.jsp?id=1202600580093&slreturn=20130928171308.....................................7

*Robert Lustig, M.D.: What the Food Industry Doesn't Want You to Know*,
FREE-I-NEWS (June 6, 2013) ..............................................................................................19

Larry J. Hobbs *et al.*, *Response to "Response to the Letter Regarding 'Sugar Content of
Popular Sweetened Beverages,'"* 19 OBESITY 688, 688 (2011).............................................16

Larry J. Hobbs *et al.*, *Response to "Sugar Content of Popular Sweetened Beverages
Based on Objective Laboratory Analysis: Focus on Fructose Content,"* 19 OBESITY
687, 687 (2011)..................................................................................................................16

Master of Studies in Law,
uchastings.edu/ academics/grad-division/msl-program/index.php............................................7

Michael I. Goran *et al.*, *Response to the "Letter to the Editor by LJ Hobbs,"*
19 OBESITY 687, 687-88 (2011)...........................................................................................16

Monica Eng, *Anti-sugar Doctor Robert Lustig Talks More About What's Wrong with the
American Diet*, CHICAGO TRIB. (Jan. 17, 2013),
articles.chicagotribune.com/2013-01-17/ features/
chi-food-policy-robert-lustig-dishes-on-low-carb-obama-toxic-
sugar-juice-and-more-20130117_1_anti-sugar-food-industry-food-items ...............................4

Monica Eng, *Author Dishes on Food Industry's Role in Obesity*,
CHICAGO TRIB. (Jan. 16, 2013), articles.chicagotribune.com/2013-01-16/features/
sc-food-0118-fat-chance-book-20130116_1_food-industry-obesity-crisis-fat-chance............7

Rachel Pomerance, *How and Why to Rid Sugar from Your Diet*, U.S. NEWS AND WORLD
REPORT (Sept. 12, 2013), health.usnews.com/health-news/health-
wellness/articles/2013/09/12/ how-and-why-to-rid-sugar-from-your-diet.............................12

Raphael Rosen, *Sweet Start for Center*,
WALL STREET J. (Feb. 18, 2013), online.wsj.com/news/articles/
SB10001424127887323949404578312350648770828.........................................................5

RESTATEMENT (SECOND) OF TORTS § 402A ...........................................................................15

Robert H. Lustig *et al.*, *Comment*,
NATURE (Feb. 2, 2012), at 29.................................................................................................4

Robert H. Lustig, SUGAR HAS 56 NAMES (2013),
at Kindle Locations 174-181.................................................................................................17

Rule 15(a)..............................................................................................................................10

Rule 15(b) .............................................................................................................................10

Sarah Boseley, *Sugar, Not Fat, Exposed as Deadly Villain in Obesity Epidemic*,
THE GUARDIAN (Mar. 20, 2013),
theguardian.com/society/2013/mar/20/sugar-deadly-obesity-epidemic ...................................5

Tamar Haspel, *Is Sugar a Toxin?*,
WASHINGTON POST (Sept. 2, 2013), washingtonpost.com/ national/health-science/is-
sugar-a-toxin-experts-debate-the-role-of-fructose-in-our-obesity-
epidemic/2013/08/30/58a906d6-f952-11e2-afc1-c850c6ee5af8_story.html...........................4

### INTRODUCTION

With her proposed Amended Complaint and the materials that accompany it, Plaintiff has achieved the rare feat of making the case even less plausible than it was in the first place. It is now clearer than ever that this entire case should be dismissed with prejudice.

As explained in Defendants' Motion to Dismiss, the original Complaint failed plausibly to plead (a) HFCS, rather than the many other well-known risk factors, caused her diabetes, (b) any connection between the Defendants and the HFCS-containing foods that she actually ate, (c) her claims are based on anything other than overconsuming sugars, which fundamental tort principles bar as the foundation for a lawsuit, and (d) Defendants as makers of HFCS have any ability to provide warnings on packages of consumer goods such as ketchup bottles or cola cans made by someone else. Her claims were also federally preempted because (1) federal law mandates the design of HFCS and requires it to contain the fructose to which Plaintiff objects, and (2) federal law holds that HFCS is Generally Recognized As Safe (GRAS), so HFCS cannot be made the subject of liability on the theory that it is a "toxin" as a matter of state law.

Rather than attempt to fix any of these problems, the proposed Amended Complaint makes things worse by relying heavily on an affidavit and references to Dr. Robert Lustig, putatively Plaintiff's "expert" in this case, who promotes himself as America's anti-sugars czar. Dr. Lustig espouses some extraordinary views, such as that sodas are more healthful than orange juice (because the juice contains a miniscule extra amount of fructose), the law should set an age limit of 17 for buying chocolate milk, and sugars are "the most destructive force in the universe." His opinions serve to emphasize that Plaintiff cannot plausibly plead any claims.

For example, Dr. Lustig claims that he can "cure diabetes on a dime. Takes about a week." If he is right, Dr. Lustig has discovered a miracle cure for the many millions of people

that suffer today from diabetes, putting an end to the disease (and this litigation).  If he is wrong, he has no place as a diabetes "expert" submitting information to the Court in this case.

As another example, many foods can be harmful if overconsumed, but fundamental tort principles recognize that eating too much cannot be the foundation on which to build a lawsuit. Sugars are some of those foods, and Dr. Lustig has, in his book and on video, insisted, emphatically, that HFCS and sugar are nutritionally the same: they are "biochemically and metabolically equivalent," the body doesn't "know the difference" between them, "[i]t's a wash. They're the same," "sucrose or high fructose corn syrup, I don't care."  If overconsuming sugars, including HFCS, has an ill health effect, as Plaintiff and Dr. Lustig both claim it does, she cannot prevail on her claims.

Attempting to distinguish HFCS from sugar and honey, Plaintiff invents an entirely new product, "HFCS 65," that supposedly contains 65 percent fructose.  It does not exist.  No Defendant makes or sells it.  Again here, the proposed Amended Complaint reveals itself to be even less plausible than the original Complaint.

The proposed Amended Complaint also founders on its list of the foods that Plaintiff has eaten and recently discovered contain HFCS.  Around half of those foods contain ***no HFCS***, although many of them do contain other sweeteners such as sugar (an equivalent source of fructose), corn syrup, and the like.  There is no way that Plaintiff could have eaten enough of the remaining foods, such as ketchup, to cause a serious disease.  And the proposed Amended Complaint, like the original Complaint, remains studiously silent about the many other risk factors for diabetes.

Finally, the proposed Amended Complaint does nothing to avoid the two federally preemptive bars to Plaintiff's claim.  One of Dr. Lustig's anti-sugar goals is to have the GRAS

regulations rewritten, but if he wants to accomplish that, he must take it up with the FDA rather than this Court.

In sum, Plaintiff has not plausibly pleaded, and has now shown she is incapable of plausibly pleading, that Defendants are responsible and liable for her diabetes.  For all of the reasons stated here and in Defendants' Motion to Dismiss, this Court should dismiss the entire case with prejudice.

## BACKGROUND

### A.    Original Complaint

The original Complaint alleges that Plaintiff, identified only as "S.E.F.," is fourteen years old and lives with her mother "S.F." in New York.  (Compl. ¶ 4.)  She "unknowingly consumed foods in many forms" but does not know "which food products [that she ate] contained" HFCS.  (*Id.* ¶¶ 65, 70.)  She now has type 2 diabetes, which she blames on eating those unidentified foods.  (*Id.* ¶¶ 68, 73, 76, 81.)  She seeks over $5 million from Defendants, because they make HFCS.  (*Id.* ¶ 57 and page 17.)  That is everything the Complaint discloses about Plaintiff.

Most of the Complaint is comprised of allegations (many of them false or misleading) about HFCS itself, rather than about Plaintiff or her experience with it.  (*Id.* ¶¶ 17-56.)  HFCS is a combination of the simple sugars glucose and fructose.  (*Id.* ¶¶ 18-19.)  The Complaint blames fructose for somehow causing type 2 diabetes.  (*Id.* ¶¶ 20-39.)  Based on the unsupported conclusion that "HFCS is a toxin," the Complaint asserts that Defendants are liable to Plaintiff for the defective design of HFCS and failing to warn her about it.  (*Id.* ¶¶ 40, 57-81.)

### B.    Proposed Amended Complaint

The proposed Amended Complaint is accompanied by and includes information from three affidavits, one each from an "expert" witness (Robert Lustig), Plaintiff's mother, and Plaintiff's attorney.

3

###### 1.      Robert Lustig

The "expert" is Robert Lustig, a self-appointed crusader against all forms of sugars.[1]  Dr. Lustig proclaims that "Sugar is a toxin.  Plain and simple."  ROBERT H. LUSTIG, FAT CHANCE 127 (2012); *see also id.* at 257.  For Star Wars fans, he explains sugars are "the Darth Vader of the Empire"; Superman partisans should think of sugars as "Lex Luthor."  *Id.* at 20-21, 118.  Dr. Lustig seeks to have sugars replace other recent food villains: fat, carbohydrates, animal products, cooked food, gluten.[2]  He advises that "100 percent orange juice is worse for you than soda," because the orange juice contains a miniscule additional amount of fructose.  FAT CHANCE 119.[3]  He wants to impose by law an age requirement of 17 on purchases of sugared drinks, such as juice, soda, sports drinks, and chocolate milk.[4]  Under his proposal, the nation's young would have to wait until they are old enough to enlist in the Army, 10 U.S.C. § 505(a), before they could buy apple juice or Yoo-hoo.

---

[1]  Credit for recognizing that Dr. Lustig is on a crusade belongs to Stephen Colbert, among others.  Dr. Lustig appeared on Colbert's television comedy show *The Colbert Report* earlier this year to sell his new book, FAT CHANCE.  *The Colbert Report* (Comedy Central television broadcast Mar. 28, 2013), *available at* colbertnation.com/the-colbert-report-videos/424875 /march-28-2013/robert-lustig, with Colbert's "crusade" quote at 0:04.  Others have also described Dr. Lustig as being on a crusade.

[2]  Tamar Haspel, *Is Sugar a Toxin?*, WASHINGTON POST (Sept. 2, 2013), washingtonpost.com/ national/health-science/is-sugar-a-toxin-experts-debate-the-role-of-fructose-in-our-obesity-epidemic/2013/08/30/58a906d6-f952-11e2-afc1-c850c6ee5af8_story.html.

[3]  *See also* Monica Eng, *Anti-sugar Doctor Robert Lustig Talks More About What's Wrong with the American Diet*, CHICAGO TRIB. (Jan. 17, 2013), articles.chicagotribune.com/2013-01-17/ features/chi-food-policy-robert-lustig-dishes-on-low-carb-obama-toxic-sugar-juice-and-more-20130117_1_anti-sugar-food-industry-food-items ("there is more sugar in juice than in Coke.  So you are actually doing more damage").

[4]  Robert H. Lustig *et al.*, *Comment*, NATURE (Feb. 2, 2012), at 29.

Dr. Lustig believes that sugars, much like cocaine and heroin, are addictive, toxic, and deadly.[5]  He blames sugars for "the biggest public health crisis in human history.  It's bigger than the bubonic plague, the flu, and AIDS."[6]  To put that claim into context, consider that the Black Death is estimated to have killed 30 to 60 percent of the population of Europe.  The flu in just one year, 1918, killed up to 100 million people.  Dr. Lustig again: "Sugar is the most destructive force in the universe."[7]

It is fair to wonder how Dr. Lustig reached that remarkable conclusion.  The San Francisco Chronicle has the story:

> Lustig, like pretty much every other pediatrician in the country, had noticed an alarming increase in obesity among his young patients. ***But it wasn't until 2006, when he was asked to speculate during a medical conference about possible environmental causes behind obesity, that he hit on sugar.***
>
> ***For argument's sake, Lustig suggested that fructose*** - a simple sugar that is naturally occurring in fruits, but also is being pumped into a huge variety of processed foods for taste and preservation - ***is an environmental toxin***.
>
> ***"They wouldn't let me off the dais after the talk," Lustig said.***[8]

The lesson must have been clear: speculating that a common food ingredient is to blame for all of society's woes is a terrific way to get attention.

---

[5]  Sarah Boseley, *Sugar, Not Fat, Exposed as Deadly Villain in Obesity Epidemic*, THE GUARDIAN (Mar. 20, 2013), theguardian.com/society/2013/mar/20/sugar-deadly-obesity-epidemic.

[6]  Raphael Rosen, *Sweet Start for Center*, WALL STREET J. (Feb. 18, 2013), online.wsj.com/news/articles/SB10001424127887323949404578312350648770828.

[7]  *Id.*  The article reports Dr. Lustig delivering this line as a "stern message."  But he appears to have been parroting movie dialog between Tommy Lee Jones (as Agent K) and Will Smith (as Agent J) in the comedy *Men in Black 3*, which was in theaters shortly before Dr. Lustig's comment.  In the movie, K asks J, "What's the most destructive force in the universe?"  J jokes, "Sugar?"  It is not a reference to fructose.  In the first *Men in Black* movie, Earth was invaded by an alien known as the "Bug," who craved sugar.  The true most destructive force in the universe, K tells J, is "Regret."

[8]  Erin Allday, *Dr. Robert Lustig Crusades Against Sugar*, SAN FRANCISCO GATE (Jan. 1, 2013), sfgate.com/health/article/Dr-Robert-Lustic-crusades-against-sugar-4160268.php (emphasis added).

Since that conference in 2006, Dr. Lustig has exhibited a "taste for grandstanding," to put it mildly.[9]  As he described his approach, "I get up and throw firebombs into the middle of the room."  *Id.*  No doubt this helps him gain publicity and sell books: FAT CHANCE went on sale earlier this year and appeared on the New York Times bestseller list in the "Advice & Misc." category, along with titles such as *Ninja Innovation* and *The Virgin Diet*.[10]  According to amazon.com, Dr. Lustig plans to follow FAT CHANCE with THE FAT CHANCE COOKBOOK at the end of this year.

But grandstanding aside, Dr. Lustig "hasn't done much original research on this topic, which drives his endocrinology colleagues crazy.  His sloppy errors leave experts wanting to, as one [said], 'stick knitting needles' in their eyes."  *Is Sugar the Next Tobacco?*  Simply put, "[t]here's a giant gap, scientists say, between saying people perhaps are eating too much sugar these days and suggesting that sugar is a toxic substance that's almost solely responsible for a wide variety of physical ills."  *Dr. Robert Lustig Crusades.*  "'Telling people the problem is all fructose is completely wrong,' says Walter Willett, chair of the nutrition department at the Harvard School of Public Health."  *Is Sugar a Toxin?*

Now Dr. Lustig has turned his efforts to the courts.  With Dr. Lustig's involvement in this case revealed, a comparison of his affidavit to Plaintiff's two complaints strongly suggests that this lawsuit is a thinly disguised front for Dr. Lustig's anti-sugars campaign.  Paragraphs 17, 18, 19, 20, 22, 23, 25, 26, 28, 30, 34, 35, 36, 38, 41, and 42 of the original Complaint are lifted directly from Dr. Lustig's affidavit, typically word for word.  The Amended Complaint was either written by Dr. Lustig or in mimicry of him, with paragraphs 21, 22, 23, 24, 25, 26, 27, 28, **29**, 30, 31, **32**, **33**, 34, 35, 36, **37**, 38, **39**, 40, 41, **42**, 43, 44, **45**, **46**, **47**, 48, **49**, **50**, **51**, 52, 66, 67,

---

[9]  Elizabeth Weil, *Is Sugar the Next Tobacco?*, PACIFIC STANDARD (Dec. 27, 2012), psmag.com/health/robert-lustig-sugar-obesity-diet-50948/.

[10]  *See, e.g.*, nytimes.com/best-sellers-books/2013-01-27/hardcover-advice/list.html.

and 71 all lifted from his affidavit.  The paragraph numbers shown in **bold** are also lifted, in

whole or part, from Dr. Lustig's book FAT CHANCE, pages 38-45 and 123-128.[11]

It seems that this case has finally given Dr. Lustig an opportunity to put into practice his

recommendation that "lawsuits are a great way to get the food industry and the government's

attention..."  FAT CHANCE 250.  He plans to "us[e] the judiciary to ... moderate sugar

consumption."  *Is Sugar the Next Tobacco?*  Though sugars and HFCS fall squarely within the

FDA's jurisdiction, Dr. Lustig believes that "[p]etitions [to the FDA] don't work.  Lawsuits do."

FAT CHANCE at 253.  Because he disparages the FDA as having been "co-opted," he pursued a

Masters of Studies in Law degree[12] so that he could participate in "litigation [to] start making

some headway."[13]  In studying law, he wanted to "learn the tobacco playbook."[14]

By May of this year, Dr. Lustig had formed an organization called the "Institute for

Responsible Nutrition."  One of its explicitly stated purposes is to "engage plaintiffs expected to

---

[11]  Much of the rest of the Complaint and Amended Complaint is lifted from the amended complaint in a Lanham Act case in California, in a lawsuit filed by the sugar industry against the HFCS industry.  *Western Sugar Cooperative v. Archer-Daniels-Midland Co.*, Case No. ll-cv-3473 CBM (MANx) (2011) .  California paragraphs 1, 3, 30, 32, 34, 35, 36, 39, 43, 52, 60, 61, 66, and 70 are (unacknowledged) sources for Complaint paragraphs 17, 18, 20, 28, 31, 32, 34, 41, 42, 43, 44, 45, 46, 47, 53, 54, 55, and 56, as well as Amended Complaint paragraphs 21, 22, 23, 26, 27, 34, 35, 48, 53, 54, 55, 56, 57, 74, 75, 76, and 77.  Again, the lines are verbatim or nearly so.

[12]  The MSL is a two-semester program at the University of California at Hastings that teaches students the "leverage points in the law where you can have the most influence in your field" without becoming a practicing lawyer.  The Master of Studies in Law, uchastings.edu/academics/grad-division/msl-program/index.php. Dr. Lustig was a member of the program's very first class.  Karen Sloan, *Wielding the Law as a Weapon*, NAT'L L.J. (May 20, 2013), law.com/jsp/nlj/PubArticleNLJ.jsp?id=1202600580093&slreturn=20130928171308.

[13]  Monica Eng, *Author Dishes on Food Industry's Role in Obesity*, CHICAGO TRIB. (Jan. 16, 2013), articles.chicagotribune.com/2013-01-16/features/sc-food-0118-fat-chance-book-20130116_1_food-industry-obesity-crisis-fat-chance.

[14]  *Your Legal Rights* (NPR radio podcast May 22, 2013), cpa.ds.npr.org/kalw/audio/2013/05/2013-May-22-18-59-30-Your_Legal_Rights_0.mp3, at 26:13.

file prolific litigation against the food industry in the next 2-3 years, including: individuals..."[15]

One month later, in mid-June, this lawsuit was filed.  As discussed in detail below, Dr. Lustig

apparently hopes to use this Court to circumvent the FDA and hold Defendants liable for selling

a supposedly toxic food ingredient, HFCS, that the FDA has affirmed is Generally Recognized as

Safe (GRAS).

Research revealed only one prior case where Dr. Lustig worked as an expert witness.  In

*Kane v. Chobani*, 2013 WL 3776172 (N.D. Cal.), Dr. Lustig opined that a yogurt company's use

of the term "evaporated cane juice" fooled consumers into thinking that the yogurt had no added

sugar.  The court explicitly rejected his opinion, for two reasons.  First, the use of the term

"cane," as in *sugar* cane, is not likely to mislead consumers about sugar.  *Id.* at *9.  Second, the

yogurt's label discloses the total grams of sugar, from all sources, and there is no "evidence that

a consumer who knows the total amount of sugar in a yogurt will suffer health effects as a result

of not knowing how much of the total sugar count is from" evaporated cane juice in particular.

*Id.*  As explained below, that second point is dispositive in this case as well.

### 2.     Plaintiff's Mother

The second affidavit is from Plaintiff's mother.  It was submitted anonymously; she is

identified only as "S.F."  Defendants do not know who she (or Plaintiff) is.

S.F.'s affidavit provides a list of foods that Plaintiff ate "in quantity and regularly" and

that S.F. "only recently learned contained HFCS."  (Aff. ¶¶ 3, 5.)  They are the following:

- *Candies*: Marshmallow Peeps (yellow), M&Ms, jet-puffed marshmallows, 3 Musketeer candy bar, Reese's Peanut Butter Cups, and Wegmans Gummy Worms.

---

[15]   INSTITUTE FOR RESPONSIBLE FOODS: ABOUT US, responsiblefoods.org/news/about-us/. According to the website's Leadership page, Dr. Lustig is the Institute's president.  The Institute also "aim[s] to supply information to plaintiff attorneys suing the food industry."  *Wielding the Law*.

- *Ice creams*: Turkey Hill ice cream, Perry's ice cream, Klondike Ice Cream Bars (original), and Carvel Ice Cream Cake Celebration.

- *Cookies*: Chips Ahoy Cookies, Stauffer's Animal Crackers (iced), Gerber Graduates Toddler Cereal Bars and Arrow Root Cookies.

- *Canned pastas*: Chef Boyardee Beef Ravioli, and Campbell's Spaghetti O's (with meatballs, original, and sliced franks).

- *Miscellaneous*: Heinz Ketchup, Yoplait Yogurt, Schwebels Country Hearth Health Home-style Bread (100 percent whole wheat), and thousand island salad dressing.

- *Chips and crackers*: Doritos (Cool Ranch flavor), Pringles (Original flavor reduced fat), Rold Gold Pretzels, and Keebler Sandwich Crackers (toast and peanut butter flavor).

- *Sodas*: Coke, Pepsi, and Sprite.

(*Id.* ¶ 5.)  Elsewhere in her affidavit, she mentions hamburger buns at McDonald's and Burger King, as well as Chicken McNuggets and their sauces at McDonald's.  (*Id.* ¶ 8.)  On the subject of food labels, she admits "I am certainly capable of reading labels."  (*Id.* ¶ 10.)

### 3.    Plaintiff's Attorney

The affidavit submitted by Plaintiff's attorney places before the Court a variety of documents related to HFCS.  Aside from the proposed Amended Complaint, these are:

- Exhibits A and B: printouts from the Archer Daniels Midland website about HFCS 90 and Crystalline Fructose, along with certificates showing that Crystalline Fructose is Halal, and HFCS and Crystalline Fructose are Kosher.  It is not clear what these materials are intended to show, beyond the fact that HFCS 90 and Crystalline Fructose exist, and that observant Muslims and Jews are allowed to eat them.

- Exhibits C, D, and E: documents from the 1997 Mexican anti-dumping dispute.  These are addressed in Defendants' Reply in support of their Motion to Dismiss.

- Exhibit F: an article about HFCS, triglycerides, and uric acid.  It states, in a portion not quoted by Plaintiff: "The data suggest that HFCS yields similar metabolic responses to other caloric [that is, calorie-bearing] sweeteners such as sucrose [sugar].  ...  HFCS does not seem to be any more insidious than other caloric sweeteners."

- Exhibit G: a study of obesity (not diabetes) in rats (not humans).

None of these materials have anything to do with whether HFCS is responsible for Plaintiff's diabetes, or even any connection between HFCS and diabetes in general.

## STANDARD OF REVIEW

Plaintiff's Notice of Cross Motion seeks to amend the Complaint under Rule 15(b), a rule inapplicable here because it applies only to amendments made during and after a trial. Nor can Plaintiff amend as a matter of course, because she missed Rule 15(a)(1)'s deadline. The only available avenue for amending runs through Rule 15(a)(2), which requires "the opposing party's written consent or the court's leave..."

This Court should deny Plaintiff's Motion and deny leave to file the proposed Amended Complaint. The amendment is futile because, as explained below, it does not help Plaintiff defeat Defendants' Motion to Dismiss. *Ricciuti v. N.Y.C. Transit Auth.*, 941 F.2d 119, 123 (2d Cir. 1991); *Semper v. New York Methodist Hosp.*, 786 F. Supp. 2d 566, 582 (E.D.N.Y. 2011). Instead, it emphasizes that the Complaint's defects cannot be fixed and that the dismissal of this case should be with prejudice.

## ARGUMENT

To show that the amendment and its supporting materials are futile, this Opposition first explains a new reason that they present for dismissal. This Opposition then explains why they do not fix any of the deficiencies identified in the Motion to Dismiss.

### I. According to her "expert," Plaintiff's diabetes is easily cured.

Plaintiff's memorandum of law begins by invoking dire complications for diabetes: "kidney failure, vascular insufficiency, limb amputation and even early death." (Mem. at 1.) It continues: "All these complications are due to her lifetime consumption of High Fructose Corn Syrup manufactured by the Defendants." (*Id.*) But neither her Complaint nor proposed Amended Complaint nor her mother's affidavit alleges that she has ever suffered any complication. She simply asserts that she was diagnosed as diabetic, a condition she believes to be "permanent." (*Id.*)

10

But Plaintiff's expert, Dr. Lustig, claims to know the cure for diabetes.  "Want to reverse your diabetes?  Want to improve your metabolic health?  Put fiber back on the menu."  FAT CHANCE 138.  He appears to be serious.  The fiber cure apparently takes almost no time at all. "If you eat everything as it came out of the ground raw, with no cooking, you would cure diabetes on a dime.  Takes about a week." [16]  If that were true, Dr. Lustig would have found a miracle cure for ending diabetes (and this litigation).

Cures for diabetes are commonly offered by people who want to sell books.  Together with FAT CHANCE, on the New York Times bestseller list cited above, was a book titled THE END OF DIABETES, the subtitle of which promises to *Reverse Diabetes*.  But none of those other authors are known to be planning to orchestrate litigation and to proffer themselves as "expert" witnesses in court.  If Dr. Lustig is to be believed about diabetes, this lawsuit is a needless publicity stunt; if he is not to be believed, there is no reason for this Court to allow him to participate in this case any further or to credit his affidavit as a reason to sustain an implausible complaint or amended complaint.

## II.    The proposed Amended Complaint fails to state a plausible claim.

### A.    Causation

In their Motion to Dismiss and Reply, Defendants explained that the Supreme Court's decisions in *Twombly* and *Dura*, along with the decisions in *Pelman v. McDonald's* and other cases, require a complaint to contain factual allegations plausibly showing that the defendant's conduct, rather than other causes, is responsible for the plaintiff's injury.  Diabetes is well-known to be associated with a wide variety of risk factors, including obesity (which itself is tied to the type and amount of food eaten, levels of physical activity, genetics, and metabolism),

---

[16]  *See* Dr. Lustig's speech *Sugar: The Bitter Truth* (University of California Television broadcast July 30, 2009), *available at* youtube.com/watch?v=dBnniua6-oM, at 75:00.

genetics (including family history), family background in certain groups, and many other factors. Plaintiff's original Complaint mentioned none of these.

The proposed Amended Complaint is even more obviously deficient. It tries to fill in just one of those many blanks, by listing in one sentence in paragraph 18 the same foods that Plaintiff's mother identified in her affidavit. These are the foods that Plaintiff ate and that her mother "recently learned contain HFCS." (Aff. ¶¶ 3, 5.)

These meager allegations cannot help her state a plausible claim. For one thing, they address only one type of sweetener among many sweeteners, which is just one type of food among many foods, which is just one among many potential causes of obesity, which is just one among many risk factors for diabetes. HFCS-sweetened foods alone are far too small a piece of the causal puzzle to show the entire picture. For another thing, there is no plausible reason why, if Plaintiff's mother was interested in HFCS, she could not find it in the list of ingredients that appears on every food package, together with each food's total sugars count. Even Dr. Lustig recommends that people "pay[] attention to the sugar portion of the label..."[17] And Plaintiff's mother admits, "I am certainly capable of reading labels." (*Id.* ¶ 10.)

That capability may be called into question by the foods she lists in her affidavit. She states that she "recently" learned these foods contain HFCS, but after receiving her list, Defendants checked their ingredients. Around half of them contain ***no HFCS at all***. Many of them do, however, contain corn syrup (pure glucose and no fructose), sugar (like HFCS, a source of fructose), and similar ingredients, as shown in the chart attached as Appendix A.

***None*** of the candies and marshmallows identified by Plaintiff's mother contain HFCS. ***All*** of them do, however, contain corn syrup and/or sugar. And there is ***no HFCS*** in the

---

[17]   Rachel Pomerance, *How and Why to Rid Sugar from Your Diet*, U.S. NEWS AND WORLD REPORT (Sept. 12, 2013), health.usnews.com/health-news/health-wellness/articles/2013/09/12/how-and-why-to-rid-sugar-from-your-diet**.**

ingredient lists Defendants found for Campbell's Spaghetti Os with meatballs, major brands of thousand island salad dressing (such as Kraft and Wishbone), Rold Gold pretzels, Cool Ranch Doritos, Yoplait Yogurt, Pringles original reduced fat, Klondike original ice cream bars, Carvel Ice Cream Cake Celebration, some flavors of Turkey Hill and Perry's ice cream and Smucker's jam, McDonald's Chicken McNuggets, some flavors of the McNugget sauces, and some preparations of McDonald's and Burger King hamburger buns.

This is what remains: one brand of ketchup; three types of canned pasta; cookies; one bread; sodas; and some varieties of ice creams, jams, McNugget sauces, and restaurant hamburger buns.  That is *everything* Plaintiff alleges to establish that HFCS gave her diabetes.  It simply is not plausible to believe that she ate so great a quantity of these few random items such as ketchup[18] that they, rather than the many other known causal factors, gave her a serious permanent disease.

Plaintiff makes one last effort to salvage her case.  Dr. Lustig's affidavit asserts that after "review[ing] all of the extant medical records for the infant," and after reviewing "the Affidavit of the child's mother, S.F. which attests to many of the foods that the infant consumed ... that contained HFCS" — he calls this paltry list her "food history" — he is ready to declare "with reasonable medical and scientific certainty" that HFCS was a significant cause of Plaintiff's diabetes.  (Lustig Aff. ¶¶ 6, 50.)

That is exactly the sort of grandstanding and speculation that has earned Dr. Lustig his notoriety and book sales.  But it cannot establish a plausible claim in a court of law.  Dr. Lustig never claims to have examined or even met Plaintiff; he does not disclose what medical records

---

[18]  When asked in an interview about HFCS where "people get into trouble most, in your research," Plaintiff's counsel singled out ketchup.  *Lawsuit Filed Over Dangers of High Fructose Corn Syrup*, (Legal Broadcast Network broadcast July 25, 2013), youtube.com/watch?v= V3GVCZR3fHk, at 4:32 – 5:06.

are "extant" or what they say; and he explicitly relies on an affidavit that mistakenly identifies HFCS's presence in a large number of foods.  This was carelessness or worse.  Take Chicken McNuggets for example.  In the affidavit that Dr. Lustig reviewed, Plaintiff's mother states that "I did not perceive nor know that the chicken product itself [McNuggets] might have contained HFCS..."  (Aff. ¶ 8.)  But Dr. Lustig knows there is no HFCS in Chicken McNuggets — he posted on the internet a video of himself saying so.[19]

Plaintiff is further from alleging actionable causation today than she was when she filed this case.  With the proposed Amended Complaint, she has established only that she consumed some minor amount of HFCS at some unidentified time.  The Court still knows nothing about the quantity of such foods (and HFCS) she ate; the other sweeteners she ate (aside from those present in the foods her mother identified, *see* Appendix A) and nothing at all about the other foods she ate and the many other risk factors for diabetes.  Under *Twombly, Dura, Pelman*, and the other decisions cited in Defendants' Motion to Dismiss, the proposed Amended Complaint should be rejected as futile.

### B.    Connection to Defendants

The Motion to Dismiss exposed the lack of any alleged connection between any Defendant and any HFCS that Plaintiff ate.  In response, Plaintiff argued that she is asserting market share liability.  Defendants' Reply explains why none of the requirements of market share liability are met here.

The proposed Amended Complaint adds only one conclusory allegation to this debate: "there is no way to identify which processed foods contained which HFCS is [sic] manufactured by which Defendant."  (Am. Compl. ¶ 20.)  That does not state a plausible claim for market share

---

[19] *Sugar: The Bitter Truth*, at 1:16:48.  In the same video, he told his audience that the mustard at McDonald's contains HFCS.  *Id.* at 1:16:25.  It does not.  nutrition.mcdonalds.com/ getnutrition/ingredientslist.pdf.

liability.  If a food company purchased HFCS to use in ketchup, the company or the seller would presumably know about the sale.  Given that Plaintiff must show (among many other things) what foods that she ate contained HFCS, she cannot allege that its origins are impossible to determine.  The amendment, again, does not fix the original Complaint's deficiencies and is therefore futile.

### C.    Overconsumption of Sugars

The Motion to Dismiss explained that even if Plaintiff could prove that HFCS caused her diabetes, it would rest on a claim that she ate too many sugars, and fundamental tort principles bar that claim.  "Many products cannot possibly be made entirely safe for all consumption, and any food ... necessarily involves some risk of harm, if only from overconsumption.  Ordinary sugar is a deadly poison to diabetics...  That is not what is meant by 'unreasonably dangerous.' ...  Good butter is not unreasonably dangerous merely because, if such be the case, it deposits cholesterol in the arteries and leads to heart attacks; but bad butter, contaminated with poisonous fish oil, is unreasonably dangerous."  RESTATEMENT (SECOND) OF TORTS § 402A cmt. i.

Dr. Lustig has been very clear that he believes the problem with sugars is their overconsumption.  In his declaration in the *Chobani* yogurt case, for example, he asserted that the "over-consumption of sugar" is what he believes leads to "diabetes and metabolic syndrome."  Decl. ¶ 24, attached hereto as Appendix B.  He counsels his diabetic patients on "the adverse health effects of the overconsumption of sugar."  *Id.* ¶ 14.  And he tries to teach them how to avoid "the overconsumption of sugar."  *Id.*  It is precisely this overconsumption of sugars that bars Plaintiff's claim.

Defendants' Motion also anticipated an argument by Plaintiff that HFCS is not sugar. But, as explained there, the forms of HFCS most commonly used in foods and beverages in the United States, HFCS 42 and 55, have less fructose (42 percent) or approximately the same

fructose (55 percent) as sucrose (sugar: 50 percent), honey (50 percent), and other common sweeteners.  Fructose is, of course, the ingredient that Plaintiff claims makes HFCS a "toxin."

The proposed Amended Complaint asserts that the "Ventura study" of 2010 established that sodas sweetened with HFCS actually contain 64 to 65 percent fructose, rather than 55 percent.  (Am. Compl. ¶¶ 66-69.)  But that study has been universally refuted.  In 2011, scientists from the International Society of Beverage Technologists showed that the Ventura study used the wrong method to measure sugars, which "falsely inflate[d] the apparent proportions of fructose."[20]  The proper methodology proves that HFCS 55 complies with the GRAS regulations and the Codex.  The authors of the Ventura study acknowledged this "possible methodological limitation of our study" and agreed that a "more detailed and thorough analysis is required" before any conclusions could be drawn.[21]  Besides, as explained below, HFCS 65 does not even exist.

In a last-ditch attempt to distinguish HFCS from sugar, the proposed Amended Complaint asserts without elaboration that there are "clear differences in how the human body processes" "HFCS and sugar."  (Am. Compl. ¶ 60.)  Dr. Lustig asserts that the "dietary fructose from HFCS is metabolized differently from sugar (sucrose)..." (Lustig Aff. ¶ 35.)

---

[20]  Larry J. Hobbs *et al.*, *Response to "Sugar Content of Popular Sweetened Beverages Based on Objective Laboratory Analysis: Focus on Fructose Content,"* 19 OBESITY 687, 687 (2011); Larry J. Hobbs *et al.*, *Response to "Response to the Letter Regarding 'Sugar Content of Popular Sweetened Beverages,'"* 19 OBESITY 688, 688 (2011).  For the Court's convenience, the three items cited in the paragraph above are attached hereto as Appendix C.

[21]  Michael I. Goran *et al.*, *Response to the "Letter to the Editor by LJ Hobbs,"* 19 OBESITY 687, 687-88 (2011).  Ignoring what the study's authors themselves said about it, Dr. Lustig claims that he reviewed the study and found it to be "functionally and scientifically sound." (Lustig Aff. ¶47.)  That is nonsense.  Dr. Lustig is a medical doctor who completed two semesters of legal coursework.  He is not a PhD chemist qualified to opine about the proper chemical assays for distinguishing fructose from glucose and other sugars in liquids.  And, in any case, he stands virtually alone in defending the validity of the study.

These conclusory, unexplained assertions cannot plausibly establish that the human body cares about the source of the fructose molecules it ingests.  And before he got involved in this lawsuit, Dr. Lustig told anyone who would listen that HFCS and sugar are ***identical*** from the body's perspective:

- "HFCS and sucrose are, for all intents and purposes, biochemically and metabolically equivalent."  *Fat Change*, page 166.

- "HFCS is no worse for your health than any other forms of fructose..."  *Id*. at 169.

- "[I]f all the HFCS-contained candy bars in the world somehow mysteriously were replaced by their sucrose-containing equivalents, ... your body wouldn't know the difference..."  *Id*. at 178.

- "High fructose corn syrup.  Sucrose.  It's a non-issue.  It's a wash.  They're the same..."  *Sugar: The Bitter Truth*, at 18:52.

- "[F]ructose, and I don't care what the vehicle is, it's irrelevant, sucrose or high fructose corn syrup, I don't care.  *Id*. at 1:26:01.

- "All the data says that high fructose corn syrup and sucrose, table sugar, cane sugar, beet sugar, the stuff you put in coffee, are exactly the same.  ...  And in fact it [HFCS] does exactly what the natural sugar does, too."  *The Colbert Report*, at 3:35, 4:04.

Dr. Lustig has even warned against allowing HFCS to "take[] the rap" for rising diabetes rates in the United States, because the "rest of the world just has sucrose – table sugar, cane sugar, beet sugar; you know, the white stuff you put in your coffee.  And they have every bit as much diabetes..."  Robert H. Lustig, SUGAR HAS 56 NAMES (2013), at Kindle Locations 174-181.[22]  It is too late now for Dr. Lustig (or anyone else) to pretend that sugar has good fructose and HFCS has bad fructose.  Fructose is fructose, and if Plaintiff ate too much of foods containing it or other sugars, Defendants are not liable.

---

[22]  *See also* FAT CHANCE 119 ("Media attention and consumer activist groups have started to vilify HFCS due to its synthetic nature and assumed effect on the obesity epidemic.  As a result, its consumption has been declining since 2007.  But our rates of obesity have remained unchanged.").

Finally, the proposed Amended Complaint would also add to the case products with higher concentrations of fructose: "HFCS 65," which does not exist; HFCS 90; and Crystalline Fructose.  Defendants' Reply in support of their Motion to Dismiss explains why they cannot help Plaintiff state a claim.  An added point here is that Plaintiff does not even allege that she ate them.  Plaintiff alleges that "there was and is no way for the Plaintiff" to know if she ate those products.  (Am. Compl. ¶ 70.)  Dr. Lustig agrees, on the ground that "the extent to which HFCS 65 HFCS 90 and Crystalline Fructose are in foods" is "not known."  (Lustig Aff. ¶ 35.)  And her mother agrees, asserting that the HFCS that Plaintiff ate came in "unknown concentrations." (Aff. ¶ 5.)  If no one knows whether Plaintiff ever ate HFCS 65 (she has not, because it does not exist) or HFCS 90 or Crystalline Fructose, she cannot plausibly plead that they injured her.

### D.    Food Package Labels

The Motion to Dismiss sought dismissal of Plaintiff's failure to warn claim on the additional ground that Defendants have no ability to add warnings to the food packages, such as ketchup bottles and cola cans, sold by companies.  The proposed Amended Complaint does not even attempt to add an allegation to make the failure to warn claim plausible.  For this reason as well, the amendment should be rejected as futile.

### III.    Federal law preempts Plaintiff's causes of action.

### A.    Federal law mandates the design of HFCS.

The Motion to Dismiss explained that Plaintiff's state law causes of action could not impose liability on Defendants for including supposedly toxic fructose in HFCS, because federal law requires the fructose to be there.  Defendants address Plaintiff's responses in their Reply. The proposed Amended Complaint offers Plaintiff no help: it does not attempt to plead around this federal preemption roadblock.  This entire case should therefore be dismissed with prejudice.

**B.      Federal law affirms that HFCS is safe.**

The Motion to Dismiss explained that because Plaintiff's causes of action all depend on characterizing HFCS as a "toxin," they cannot proceed in the face of the FDA's own affirmation, written into federal law, that HFCS is Generally Recognized As Safe (GRAS).  Defendants' Reply addresses Plaintiff's trivial attempts to undermine the FDA's determination.

Here again the revelation of Dr. Lustig's involvement in this case is telling.  The current goal of his anti-sugar crusade is to revoke the GRAS status of additives, like sucrose (sugar) and HFCS, that contain fructose.  When asked by the celebrity Alec Baldwin to identify the one thing he would change in public health policy, Dr. Lustig said, referring to GRAS, "If I could do one thing in this entire thing it would be that."[23]  He believes that GRAS itself is "the problem. That's what we've been lobbying for."[24]  "GRAS is the enemy of the American consumer.  You run fewer health risks smoking grass than eating GRAS."[25]  That is to say, marijuana is better for the body than sugar.

The First Amendment guarantees Dr. Lustig the right to petition the government to redress his grievances.  Unfortunately, as he wrote in FAT CHANCE, he believes that "[p]etitions [to the FDA] don't work.  Lawsuits do."  In FAT CHANCE, page 252, he even threatens to "Sue the FDA to Remove Fructose from the GRAS List."

---

[23]  *Here's the Thing: Episode 19, Robert Lustig* (July 2, 2012), *available at* wnyc.org/story/ 218983-robert-lustig/transcript/.

[24]  Georgia Kral, *Dr. Robert H. Lustig Talks Sugar, 'Fat Chance,'* AMNEWYORK (Jan. 15, 2013), amny.com/urbanite-1.812039/dr-robert-h-lustig-talks-sugar-fat-chance-1.4452450; *see also Comment*, page 29; Carrie Gann, *Sugar as Dangerous as Alcohol and Tobacco?*, ABC NEWS (Feb. 1, 2012), abcnews.go.com/blogs/health/2012/02/01/sugar-as-dangerous-as-alcohol-and-tobacco/; *Is Sugar the Next Tobacco?* (Dr. Lustig's goal "is to get sugar removed from something called the "Generally Recognized As Safe" list at the FDA.").

[25]  *Robert Lustig, M.D.: What the Food Industry Doesn't Want You to Know*, FREE-I-NEWS (June 6, 2013), freeinews.com/health/robert-lustig-m-d-what-the-food-industry-doesnt-want-you-to-know.

Threats aside,  "[t]his court is not the FDA" and cannot "revoke ... GRAS status" granted by the FDA.  *Cardinale v. Quorn Foods*, 2011 WL 2418628, at *6 (Conn. Super. Ct.).  Doing what he has done here — "provid[ing] pages of information on the health risks associated with" a food ingredient "in the hopes of classifying [it] as 'poisonous or deleterious" — cannot reverse its federal GRAS designation.  *Simpson v. California Pizza Kitchen*, 2013 WL 5718479, at *6 (S.D. Cal.).  "By definition, something that is 'generally regarded as safe' cannot at the same time be 'not safe for human consumption.'"  *Id.*.  Until Dr. Lustig convinces the FDA to rewrite the Code of Federal Regulations, the forms of HFCS most commonly used in foods and beverages are safe as a matter of federal law and cannot be the basis for liability as a toxin under state law.

## <u>CONCLUSION</u>

For the reasons stated above, Defendants respectfully urge this Court to dismiss this entire case with prejudice.

Dated: November 1, 2013   Respectfully submitted,

     /s/ Kevin M. Hogan
     Kevin M. Hogan
     **PHILLIPS LYTLE LLP**
     3400 HSBC Center
     Buffalo, NY 14203
     Phone: (716) 847-8400
     Fax: (716) 852-6100
     khogan@phillipslytle.com

     Of Counsel:
     **WINSTON & STRAWN LLP**
     Dan K. Webb
     Stephen V. D'Amore
     Scott P. Glauberman
     Cornelius M. Murphy
     35 West Wacker Drive
     Chicago, IL 60601-1695
     Phone: (312) 558-5600
     Fax: (312) 558-5700
     dwebb@winston.com
     sdamore@winston.com
     sglauberman@winston.com
     nmurphy@winston.com

     *Attorneys for Defendants*
     *ARCHER-DANIELS-MIDLAND COMPANY,*
     *CARGILL, INC.,*
     *INGREDION INCORPORATED,  and*
     *TATE & LYLE INGREDIENTS AMERICAS, LLC*

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NEW YORK

| | |
|---|---|
| S.F. as Parent and Natural Guardian of S.E.F., an Infant, | ) ) ) |
| Plaintiff | ) ) |
| v. | ) ) ) |
| ARCHER-DANIELS-MIDLAND COMPANY, CARGILL, INC., INGREDION INC., PENFORD PRODUCTS CO., TATE & LYLE INGREDIENTS AMERICAS, LLC AND ROQUETTE AMERICA, INC., | ) ) ) ) ) ) ) ) |
| Defendants. | ) |

Civil Action No. 1:13-CV-634

## CERTIFICATE OF SERVICE

I, Kevin M. Hogan, an attorney, hereby certify that on November 1, 2013, I caused to be filed electronically the foregoing OPPOSITION TO PLAINTIFF'S MOTION TO AMEND COMPLAINT with the Clerk of the Court using its CM/ECF system, which will send an electronic copy of the foregoing to counsel of record and constitutes service under Federal Rule of Civil Procedure 5(b)(2)(D) pursuant to Local Rule 5.1 of the Western District of New York.

_/s/ Kevin M. Hogan_

Doc #01-2724104.1